UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY KEITH WILLIAMS, #811967,

Petitioner,

v.

CASE NO. 14-CV-10951
HONORABLE VICTORIA A. ROBERTS

KENNETH ROMANOWSKI,

Respondent.
_____________________________________/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION TO STAY THE PROCEEDINGS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. Introduction

Michigan prisoner Anthony Keith Williams ("Petitioner") filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging that he is held in violation of his constitutional rights. Petitioner was convicted of kidnapping, Mich. Comp Laws § 750.349, and two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, following a jury trial in the Wayne County Circuit Court in 2011. He was ultimately sentenced to concurrent terms of 8 years 4 months to 16 years 8 months imprisonment on the kidnapping conviction and to 16 years 8 months to 25 years imprisonment on each of the criminal sexual conduct convictions. Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=811967.

Petitioner raises claims concerning the conduct of the prosecutor, the scoring of the sentencing guidelines, and the effectiveness of trial and appellate counsel. At the time he instituted

this action, Petitioner also filed a Motion to Stay the Proceedings so that he can return to state court to properly exhaust his claim concerning the effectiveness of appellate counsel. For the reasons stated, the Court dismisses without prejudice the Petition for a Writ of Habeas Corpus and denies the Motion to Stay the Proceedings. The Court also denies a Certificate of Appealability and denies Leave to Proceed *In Forma Pauperis* on Appeal.

## II. Procedural History

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims asserting the conduct of the prosecutor, the scoring of the sentencing guidelines, and the effectiveness of trial counsel. The Michigan Court of Appeals affirmed his convictions, but vacated his sentences and remanded for resentencing. *People v. Williams,* No. 305348, 2012 WL 5064874 (Mich. Ct. App. Oct. 18, 2012) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Williams*, 494 Mich. 855, 830 N.W.2d 401 (May 28, 2013).

Petitioner dated his Petition for a Writ of Habeas Corpus on February 27, 2014. He raises the following claims:

I. He was deprived of his constitutional right to the effective assistance of counsel when his lawyer failed to request a consent instruction and failed to present an important res gestae witness on the basis of consent.

II. The prosecutor committed misconduct when she falsely told the jury that witness Langston was not present because he was in prison in another state when in fact he was in prison in Detroit. This misrepresentation violated Petitioner's due process right to a fair trial.

III. He is entitled to resentencing because multiple variables were mis-scored. Alternatively, trial counsel was ineffective for failing to object to the incorrect scoring.

IV. He was deprived of his constitutional right to effective assistance of counsel

when counsel ceased to function as counsel during critical stages of pre-trial preparations.

V. He was deprived of his right to effective assistance of appellate counsel on direct appeal.

A. Appellate counsel was ineffective for failing to assist him in preserving a trial court record on his supplemental standard 4 (brief) claims of ineffective assistance of trial counsel on direct appeal.

## III. Analysis

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner indicates that he has not fully exhausted his claim concerning the effectiveness of appellate counsel in the state courts; he wishes to stay his federal habeas proceedings so that he can return to state court to do so. The record also reflects that Petitioner has not properly presented his

claim concerning the effectiveness of appellate counsel to the state courts on direct appeal. Petitioner has thus failed to exhaust all of his habeas claims in the Michigan courts before proceeding in this Court on federal habeas review.

Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claim and pursue that claim in the state appellate courts as necessary. The unexhausted claim concerns a matter of federal law which may warrant further review. That claim should, therefore, be addressed to and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Petitioner asks the Court to stay the proceedings so that he can satisfy the exhaustion requirement. A federal district court has discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts first, and return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner, has not shown the need for a stay. First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long so he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009);

*Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about August 26, 2013. Petitioner dated his present petition on February 27, 2014; thus, only six months of the one-year period had run when Petitioner instituted this action. While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Petitioner has approximately six months in which to seek state collateral review, exhaust his issues in the state courts (thereby tolling the one-year period), and return to federal court on a perfected petition.

Additionally, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to fully exhaust all of his claims in the state courts before seeking habeas relief in federal court. Lastly, Petitioner's unexhausted claim concerns a matter of federal law which does not appear to be "plainly meritless." Under these circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

## IV. Conclusion

Petitioner filed a "mixed" petition. He must exhaust all of his claims in the state courts before proceeding on federal habeas review; a stay is unnecessary. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Petition for a Writ of Habeas Corpus and **DENIES** the Motion to Stay the Proceedings. Should Petitioner wish to forego his unexhausted claim(s) and proceed only on his fully exhausted claims, he may move to re-open this case on an amended petition within **30 DAYS** of the filing date of this order. The Court makes no determination as to the merits of

Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a Certificate of Appealability. The Court also **DENIES** Leave to Proceed *In Forma Pauperis* on Appeal as an appeal cannot be taken in good faith. Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 17, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Anthony Keith Williams by electronic means or U.S. Mail on March 17, 2014.

s/Linda Vertriest
Deputy Clerk